FILED
United States Court of Appeals
Tenth Circuit

October 6, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JORGE HERNANDEZ,

      Defendant-Appellant.

No. 14-5055
(D.C. No. 4:13-CR-00068-JHP-7)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.

Jorge Hernandez pled guilty pursuant to a written plea agreement to drug conspiracy in violation of 21 U.S.C. § 846 and § 841(b)(1)(C). In his plea agreement, he waived his right to appeal his conviction or sentence, unless the sentence exceeded the statutory maximum of twenty years in prison. The district court sentenced him to fifty-one months in prison. Despite his appeal waiver, Mr. Hernandez filed a notice of appeal seeking to challenge his sentence.

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Hernandez's counsel filed a response, stating that the appeal waiver is valid and should be enforced and that he should be granted permission to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). We gave Mr. Hernandez an opportunity to file a pro se response to the motion to enforce. *See id.* To date, he has not done so.

As required by *Anders*, we have conducted an independent review of the plea agreement, the plea and sentencing hearing transcripts, and the motion to enforce. *See id.* We conclude that the requirements for enforcing the plea waiver have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights"; (2) Mr. Hernandez "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. Also, we grant Mr. Hernandez's counsel's motion to withdraw.

Entered for the Court
Per Curiam

- 2 -